# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **URSULA DAVIS, LEROY JAMES, JR.** | : | |
| *Plaintiffs,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-1419** |
| | : | |
| **AMERICAN FREEDOM ASSURANCE,** | : | |
| *Defendant.* | : | |

## MEMORANDUM

**KENNEY, J.**                                                                 **APRIL 13, 2026**

On January 21, 2026, Plaintiffs Ursula Davis and Leroy James Jr. initiated this lawsuit in connection with an insurance dispute by filing a Complaint in the Court of Common Pleas of Philadelphia County. *See* ECF No. 1-1. On March 5, 2026, Defendant American Freedom Assurance removed the action to federal court. *See* ECF No. 1. Plaintiffs have now moved to remand the action to state court (the "Motion"). *See* ECF No. 15. For the reasons set forth below, the Court will **GRANT** Plaintiffs' Motion (ECF No. 15), and **REMAND** the above-captioned matter.

## I.    DISCUSSION

Federal district courts are "courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. ----, 146 S. Ct. 724, 728 (2026); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress has granted district courts jurisdiction over diversity cases—that is, suits between "citizens of different States" over any matters that are valued at more than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). The amount in controversy

requirement "ensure[s] that diversity jurisdiction does not flood the federal courts with minor disputes." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Defendant removed this action from Pennsylvania state court to federal court pursuant to 28 U.S.C. § 1332(a). *See* ECF No. 1 ¶ 7. In the Third Circuit, "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citation omitted); *see also Avenatti v. Fox News Network LLC*, 41 F.4th 125, 130 (3d Cir. 2022). Therefore, it is Defendant's burden to establish subject matter jurisdiction.

Under 28 U.S.C. § 1446(c)(2), when "removal of a civil action is sought on the basis of" Section 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "[I]f the initial pleading seeks . . . nonmonetary relief" or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[,]" then "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the $75,000 threshold. *Id.* § 1446(c)(2)(A)–(B). The Court's determination of the amount in controversy "must focus on the plaintiff's complaint at the time the petition for removal was filed." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The amount in controversy is measured by a "reasonable reading of the value of the rights being litigated," not by the "low end of an open-ended claim." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014) (citation omitted). Attorney's fees should also be considered as "part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

In its Notice of Removal, Defendant stated only that it "believes" the amount in controversy is more than $75,000, exclusive of interest and costs. ECF No. 1 ¶ 7. A review of Plaintiffs' Complaint does not demonstrate that their damages exceed $75,000, and Defendant has not met its burden of establishing otherwise in its Notice of Removal.

Plaintiffs originally initiated this lawsuit in state court, raising three causes of action for (1) breach of contract, (2) bad faith, and (3) a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. *See* ECF No. 1-1 ¶¶ 20–52. Plaintiffs alleged in their Complaint that the total cost of repairs of their damaged car is estimated at $14,097.79, and they have a $500 deductible under their insurance policy. *See id.* ¶¶ 15–16. In addition, they alleged that their damages exceed $50,000, along with pre-judgment interest, attorney's fees, treble damages, punitive damages, and costs of suit. *See id.* at 6, 8, 10.

In their Motion to Remand, Plaintiffs explained that their *ad damnum* clauses included language alleging their damages will be more than $50,000 in order to avoid mandated arbitration. *See* ECF No. 15 at 8 (citing Philadelphia Civil Rule 1301); *see also* 42 Pa.C.S. § 7361(b). But that language "cannot be interpreted as an admission that the amount in controversy exceeds $75,000." ECF No. 15 at 8. According to Plaintiffs, "a potential punitive or statutory damages award would need to be more than four times the amount of the underlying contract damages" in order for the amount in controversy to be greater than $75,000. *Id.* at 9; *see also Judon*, 773 F.3d at 507 ("An estimate of the amount recoverable should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." (internal quotations and citation omitted)). Defendant has not presented any evidence that an award of this amount is likely based on the "rights being litigated," *id.* (citation omitted), and merely speculated that Plaintiffs' damages will exceed $75,000; without more, that is

3

insufficient to support the exercise of jurisdiction.  *See Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (explaining that removal statutes are "strictly construed, requiring remand if any doubt exists over whether removal was proper" (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

Accordingly, the Court will grant Plaintiffs' Motion (ECF No. 15) because Defendant has not met its burden of demonstrating that the Court has subject matter jurisdiction.

## II.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' Motion (ECF No. 15) and remand this matter to state court.  An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

4